IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITD STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:14-CR-48-5 |
| | ) | |
| JULIUS ADAIR WILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

The defendant-inmate, Julius Wiley, has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mr. Wiley contends that he has serious health risks arising from the COVID-19 pandemic and his chronic medical issues, which together constitute extraordinary and compelling circumstances warranting a sentence reduction. Because Mr. Wiley is fully vaccinated and the infection rate at his facility is low, his susceptibility to infection or severe illness from COVID-19 is too hypothetical to rise to the level of extraordinary and compelling circumstances. His motion will be denied.

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010). A court may only modify a sentence when a provision in the Federal Rules of Criminal Procedure or a statute expressly permit it to do so. *See* 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), often called the "compassionate release" provision, is one such statutory provision. For a sentence reduction under § 3582(c)(1)(A) to be appropriate, the statute requires that the movant has exhausted their administrative

remedies, that extraordinary and compelling reasons exist for a sentence reduction, and that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. McCoy*, 981 F.3d 271, 275, 283 (4th Cir. 2020). The Court must also consider the relevant § 3553(a) factors. *Id.* at 275.[1]

Mr. Wiley filed his motion for compassionate release on January 19, 2021. Doc. 165. The Court appointed counsel and set a briefing schedule. Doc. 166. The briefing is complete, and the motions are ripe for review. *See* Docs. 169, 171, 173. The government does not contest that Mr. Wiley has exhausted his administrative remedies, Doc. 171 at 6–7, and the Court concludes he has satisfied the exhaustion requirement. *See* Doc. 169-1 (showing Mr. Wiley submitted a request for a reduction in sentence to the warden of Butner Medium II, which was denied on August 31, 2020).

Mr. Wiley contends that his increased risk of severe illness from COVID-19 constitutes extraordinary and compelling circumstances warranting a sentence reduction. Doc. 169 at 1. There is an increased risk of exposure to the virus in congregate living situations like prison. *See FAQs for Correctional and Detention Facilities*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html (last visited Apr. 26, 2021) ("Staff and people incarcerated in correctional and detention facilities are at greater risk for [contracting]. . . COVID-19 . . . ."). And certain medical

---

[1] The Sentencing Commission has not yet adopted any policy statement applicable to motions filed directly by defendants. *See McCoy*, 981 F.3d at 282. The Court has considered the old policy statement applicable to motions brought by BOP as helpful but non-binding guidance.

conditions, when combined with a serious risk of contracting COVID-19, can constitute extraordinary and compelling reasons for a sentence reduction.[2]

Mr. Wiley has several chronic health conditions, two of which place him at increased risk of severe illness from COVID-19: Type 2 diabetes mellitus and chronic kidney disease. Doc. 168 at 39. But it does not appear that any of Mr. Wiley's conditions interfere with his daily life or cause him problems with self-care, and the available records show that, at least on a lay review, he is receiving appropriate treatment. *See generally* Docs. 168, 172. Moreover, Mr. Wiley is fully vaccinated; he received his first dose of the Pfizer vaccine on March 3, 2021, *see* Doc. 172 at 41, and in his reply brief filed on April 12, 2021, he acknowledged that "he has been vaccinated against COVID-19," Doc. 173 at 2, establishing he timely received his second dose of the vaccine.

While scientific evidence on the efficacy of COVID-19 vaccines is evolving, the CDC currently reports that the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection," and that people who received the Pfizer vaccine were less likely to be hospitalized or die. *See Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Apr. 26, 2021). As such, Mr. Wiley's inoculation against COVID-19 significantly reduces the increased risks he faces from living in a congregate

---

[2] *See United States v. Williams*, No. 1:13-CR-370-4, 2020 WL 5097490, at *3 n.4. (M.D.N.C. Aug. 28, 2020).

3

environment and his medical conditions.  The low infection rate and ongoing inoculations at FCI Butner Medium II reduce this risk even further.  *See COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Apr. 26, 2021) (reporting that one inmate is presently positive for COVID-19 and that the entire Butner Correctional Complex has fully vaccinated 860 staff and 1802 inmates).

Consistent with the vast majority of district courts that have considered this issue, *see United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 n.36 (M.D. Pa. Mar. 11, 2021) (collecting cases), the Court concludes that "absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021).  The Court appreciates Mr. Wiley's concern that the efficacy of the vaccine against mutations of the virus is currently unknown.  *See* Doc. 173 at 2.  But these concerns, like his risk of contracting COVID-19 and becoming seriously ill, are "simply too speculative to justify his release." *United States v. Rodriguez*, No. 15-CR-0254 (PJS/BRT), 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021).

Mr. Wiley has not asserted any other basis to justify early release.  There are no extraordinary and compelling circumstances for a sentence reduction.  Given this finding, the Court need not evaluate the § 3553(a) factors.  *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (affirming compassionate release decision where the "district court did not find any 'extraordinary and compelling reasons' warranting compassionate release and therefore did not consider the § 3553(a) factors."); *United*

4

*States v. Wilder*, No. CR 03-72, 2021 WL 1224531, at *7 (W.D. Pa. Apr. 1, 2021) (noting that the court need not consider the § 3553(a) factors when the defendant-inmate has not satisfied their burden of showing extraordinary and compelling circumstances warranting release and citing cases holding the same); *see also United States v. Clinton*, No. 6:16-CR-2, 2020 WL 6751785, at *3 (W.D. Va. Sept. 25, 2020). His motion will be denied.

It is **ORDERED** that the defendant's motion and amended motion for compassionate release, Docs. 165, 169, are **DENIED**.

This the 27th day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE